Filed 7/27/21  In re A.H. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | B307587 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. CLARENCE D., Defendant and Appellant. | Los Angeles County Super. Ct. No. DK15005B |

APPEAL from an order of the Superior Court of Los Angeles County, Peter R. Navarro, Juvenile Court Referee. Dismissed.

Lori N. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Amy Z. Tobin, under appointment by the Court of Appeal, for Respondent Minor.

No appearance by Plaintiff and Respondent Department of Children and Family Services.

## INTRODUCTION

After Clarence D. (father) killed A.H.'s (the minor's) mother, the court found jurisdiction over the minor under Welfare and Institutions Code[1] section 300, subdivisions (a) and (b). The minor was placed with his adult half-sister, who eventually became his legal guardian. After several years, however, the minor (now 17 ½ years old) filed a petition under section 388 asking the court to terminate the guardianship and allow him to live with a family friend in the home where his brother, a non-minor dependent, resides. The court granted the petition and father appeals.

We conclude father lacks standing to challenge the court's order and dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

Because the facts underlying the court's ruling do not affect our decision, we offer only the briefest summary of them.

In April 2016, the minor was declared a dependent of the juvenile court under section 300, subdivisions (a) and (b). The jurisdictional allegations related to father's murder of the minor's mother in view of the minor. Father was incarcerated and received no reunification services. The minor was placed with his adult half-sister, Clarice D.

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

In January 2018, the court granted legal guardianship of the minor to Clarice and terminated jurisdiction. Clarice later moved with the minor to Arizona, after which time the minor was rarely able to see his brother Ezekiel, a non-minor dependent living with Alondra F., a close family friend, in Oceanside, California.

In late June 2020, following a dispute between the minor and Clarice, the minor ran away from Clarice's home. The minor returned to California on July 1, 2020 and, with the assistance of counsel, filed a petition under section 388 to change his custody situation. Specifically, the minor asked the court to reopen his dependency case, terminate the existing legal guardianship, and order foster care placement with Alondra. In an interview with a Department of Children and Family Services (Department) social worker, father objected to any change in the minor's custody. The Department found no evidence of abuse or neglect by Clarice and recommended denying the minor's petition.

The court heard and granted the minor's section 388 petition on August 13, 2020. Father appeals.

## DISCUSSION

Father contends the court erred in terminating Clarice's legal guardianship and placing the minor with Alondra. Specifically, he argues the court erred by failing to advise Clarice that she was entitled to appointed counsel at the hearing on the section 388 petition. Father also asserts the court abused its discretion by finding that termination of the guardianship was in the minor's best interest and by failing to consider whether therapeutic services could have preserved the guardianship. The minor contends, among other things, that father lacks standing to challenge the court's order granting his section 388 petition

3

because father is not aggrieved by the court's ruling. We agree with the minor.

An order granting a petition under section 388 to modify prior orders of the juvenile court is appealable under section 395, which provides that any order subsequent to the judgment under section 300 declaring a child to be a dependent "may be appealed as an order after judgment." (§ 395, subd. (a)(1); see *In re K.C.* (2011) 52 Cal.4th 231, 235–236.) But "[n]ot every party has standing to appeal every appealable order. Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal. (E.g., *In re L.Y.L.* (2002) 101 Cal.App.4th 942, 948; cf. Code Civ. Proc., § 902 ['Any party aggrieved may appeal ... .'].) An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision. (*In re L.Y.L., supra*, at p. 948; [citations].) These rules apply with full force to appeals from dependency proceedings. (E.g., *In re L.Y.L., supra*, at p. 948.)" (*In re K.C.,* at p. 236.)

Father's parental rights have not been terminated. And as he correctly argues, "[a]ll parents, unless and until their parental rights are terminated, have an interest in their children's 'companionship, care, custody and management ... .' (*In re Marilyn H.* (1993) 5 Cal.4th 295, 306.) This interest is a 'compelling one, ranked among the most basic of civil rights.' (*Ibid.*)" (*In re K.C., supra*, 52 Cal.4th at p. 236.) Nevertheless, "as in any appeal the parent must also establish that he or she is a 'party aggrieved' to obtain review of a ruling on its merits." (*In re Carissa G.* (1999) 76 Cal.App.4th 731, 734.)

Quoting *In re Nolan W.* (2009) 45 Cal.4th 1217, 1228, father urges that he has standing to raise any and all issues affecting his interest in his parent-child relationship with the minor because " ' "the law's first priority when dependency proceedings are commenced is to preserve family relationships, if possible." ' " However, we are no longer at the outset of the dependency proceedings. The minor has been out of father's custody for more than five years at this point and father did not receive reunification services. Generally, "after reunification services are terminated or bypassed (as in this case), 'the parents' interest in the care, custody and companionship of the child [is] no longer paramount. Rather, at this point "the focus shifts to the needs of the child for permanency and stability … ." ' (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.)" (*In re K.C., supra*, 52 Cal.4th at p. 236.) In other words, father's wish to have the minor placed with Clarice is not determinative at this stage and his general interest in his relationship with the minor is insufficient to confer standing here.

Father also argues he has standing to contest the termination of Clarice's legal guardianship because placement of a child with a relative "has the potential to alter the court's determination of the child's best interests and the appropriate permanency plan for that child, and thus may affect a parent's interest in his or her legal status with respect to the child." (*In re H.G.* (2006) 146 Cal.App.4th 1, 10.) Typically, at this stage of the proceedings, a parent would be concerned that his or her parental rights would be terminated and a permanent plan of adoption would be implemented. Father takes this position here and although he acknowledges that outcome "may be unlikely on this record," he asserts that "it remains a statutory option for the

juvenile court." Subsequent events,[2] as well as the minor's age, assure us that the termination of the legal guardianship will not impact father's legal status in relation to the minor. First, the minor is 17½ years old. Thus, the need for permanency through dependency jurisdiction (and, therefore, the need to terminate father's parental rights to that end) is not substantial at this point. Moreover, although the court had a hearing on the issue of termination of father's parental rights under section 366.26 scheduled in February 2021, the parties advise that the matter has been taken off calendar. And it is extremely unlikely that any further proceedings would be initiated, especially given that the minor will turn 18 in approximately four months.

---

[2] To evaluate the standing issue, we asked the parties whether, during the pendency of the present appeal, father's parental rights had been terminated. (Gov. Code, § 68081.) They have not. We grant father's June 14, 2021 request for judicial notice.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


KALRA, J.*

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.